UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GUIDEONE AMERICA INSURANCE COMPANY                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 1:13-cv-00005-GHD-DAS

STEVE PARKER, LISA PARKER, and
MELISSA HILL PARKER                                                  DEFENDANTS

MEMORANDUM OPINION GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court in this declaratory judgment action is a motion for summary judgment [22] filed by Plaintiff Guideone America Insurance Company. Upon due consideration, the Court finds that the motion should be granted.

*A. Factual and Procedural Background*

This case involves a question of insurance coverage, and in particular, whether a certain policy of personal automobile liability insurance issued by Plaintiff Guideone America Insurance Company ("Plaintiff") to Defendant Steve Parker ("Mr. Parker") and his wife, Defendant Lisa Parker ("Mrs. Parker"), extends coverage to their daughter, Defendant Melissa Hill Parker ("Melissa Parker") for liability in connection with an accident that occurred during the effective dates of the policy, but in an automobile not listed on the policy and insured in a separate policy.

Prior to the accident, Plaintiff had issued an insurance policy, Policy Number 060131-484, to named insured, Mr. and Mrs. Parker, covering their 2009 Ford Escape LTD and 1997 GMC Sierra 1500 pickup truck (the "subject policy"). *See* Pl.'s Compl. [1] ¶ 7; Defs.' Answer [11] ¶ 7. Plaintiff had also issued a separate insurance policy to Melissa Parker, covering her 2006 Honda

1

Ridgeline truck (the "policy which is not at issue"). Pl.'s Compl. [1] ¶ 17; Defs.' Answer [11] ¶ 17.

On June 11, 2011, Melissa Parker was driving her 2006 Honda Ridgeline truck when she was involved in a single-vehicle accident in Lee County, Mississippi; her front-seat passenger, Eddie Rayburn Collums, Jr. (the "Decedent"), died from injuries he sustained in the accident. Following the accident, the Decedent's estate filed a wrongful death suit in state court against Melissa Parker and John Does 1–10 seeking damages due to the accident. The Decedent's wrongful death beneficiaries have made a demand upon Plaintiff for coverage under the subject policy, and Melissa Parker has also made a demand for settlement of the claim of the Decedent's estate under the subject policy.

Plaintiff has filed this action seeking a declaratory judgment that there is no coverage under the subject policy for the 2006 Honda Ridgeline truck, which was owned and operated by Melissa Hill Parker at the time of the accident leading to Decedent's death, and consequently, that Plaintiff has no duty to defend or indemnify Mrs. Parker against the wrongful death claims brought by Decedent's estate related to the accident.

Plaintiff now moves for summary judgment, arguing that the subject policy clearly, unambiguously, and enforceably excludes coverage for the subject accident. Defendants have responded to the motion, and Plaintiff has filed a reply. The matter is now ripe for review.

*B. Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). "In deciding whether a fact issue has been created, the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001).

### C. Discussion and Analysis

"When, as here, jurisdiction is based on diversity,[1] we apply the forum state's substantive law." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). It is undisputed in this case that Mississippi is the forum state, and Mississippi law applies.

"Under Mississippi law, an insurance policy is a contract subject to the general rules of

---

[1] There is complete diversity of citizenship: Plaintiff is a citizen of Iowa, and Defendants are each citizens of Mississippi. *See* Pl.'s Compl. [1] ¶¶ 1–4. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. *Id.* ¶ 5; Defs.' Answer [11] ¶ 5. Thus, diversity jurisdiction is established.

contract interpretation." *Essex Ins. Co. v. Greenville Convalescent Home Inc.*, 236 F. App'x 49, 51 (5th Cir. 2007) (per curiam) (citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 725 So. 2d 779, 781 (Miss. 1998)). Under Mississippi law, an insurer has an absolute duty to defend a lawsuit filed against its insured in circumstances covered by the policy. *Titan Indem. Co. v. City of Brandon*, 27 F. Supp. 3d 693, 697 (S.D. Miss. 1997) (citing *State Farm Mut. Auto. Ins. Co. v. Taylor*, 233 So. 2d 805, 808 (Miss. 1970); *So. Farm Bureau Cas. Ins. Co. v. Logan*, 119 So. 2d 268, 270–71 (Miss. 1960)). The determination of whether a liability carrier has a duty to defend depends on the policy language and the allegations of the applicable complaint. *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 443 (5th Cir. 2009) (citing *U.S. Fid. & Guar. Co. v. Omnibank*, 812 So. 2d 196, 200 (Miss. 2002)). Under this "eight-corners" test, the allegations in the complaint are analyzed against the language in the policy to determine coverage and the duty to defend. *Id.* If the complaint alleges facts which are arguably within the policy's coverage, a duty to defend arises. *Id.*; *see Sennett v. U.S. Fid. & Guar. Co.*, 757 So. 2d 206, 212 (Miss. 2000) ("A liability insurance company has an absolute duty to defend a complaint which contains allegations covered by the language of the policy, but it has absolutely no duty to defend those claims which fall outside the coverage of the policy.").

Plaintiff argues that the subject policy excludes liability coverage for damages arising from the accident involving Melissa Parker's 2006 Honda Ridgeline truck. The subject policy contains a Liability Coverage provision stating:

> [Plaintiff] will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. . . . [Plaintiff] will settle or defend, as [it] consider[s] appropriate, any claim or suit asking for these damages. In addition to [its] limit of liability, [Plaintiff] will pay all defense costs [it] incur[s]. . . . [Plaintiff has] no duty to defend

4

> any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

Subject Policy [22-1] at 7–8. Plaintiff maintains that the subject policy's exclusions bar coverage for—and thus relieve Plaintiff of a duty to defend against—the wrongful death claims brought against Mrs. Parker in state court.

Defendants argue that the exclusions do not bar coverage because the policy is ambiguous and the exclusionary clause should be construed strictly against Plaintiff. Defendants maintain that the subject policy expressly lists Melissa Parker simultaneously as a "driver" and an "insured" entitled to coverage and that "[t]he inconsistent exclusion should be construed against Plaintiff and in favor of finding liability coverage." Defs.' Resp. Opp'n to Pl.'s MSJ [26] ¶ 2. Alternatively, Defendants argue that Plaintiff has failed to establish the applicability of the exclusionary clause.

"Where an insurance policy is clear and unambiguous, the meaning and effect of the policy is a question of law." *Essex Ins. Co.*, 236 F. App'x at 51 (citing *Love by Smith v. McDonough*, 758 F. Supp. 397, 399 (S.D. Miss. 1991)). "[T]he policy itself is the sole manifestation of the parties' intent and no extrinsic evidence is permitted absent a finding by a court that the language is ambiguous and cannot be understood from a reading of the policy as a whole." *Cherry v. Anthony, Gibbs & Sage*, 501 So. 2d 416, 419 (Miss. 1987). "Insurance contracts are construed strictly against the insurer and in favor of the policyholder." *Johnson v. Preferred Risk Auto. Ins. Co.*, 659 So. 2d 866, 871 (Miss. 1995) (internal citation omitted). In particular, "[w]here a clause of an insurance policy subject to dispute involves exceptions or limitations on the insurer's liability under the policy, [the Mississippi Supreme Court] construes the policy even more stringently." *See J & W Foods Corp. v. State Farm Mut. Auto. Ins. Co.*, 723 So. 2d 550, 552 (Miss. 1998). *Cf. Gov't Emps. Ins. Co. v. Brown*, 446 So. 2d 1002, 1006 (Miss.

1984) (holding that without clear and unambiguous language of limitation by insurer, insurer cannot limit recovery for benefits for which an insured paid a premium); *Hartford Acc. & Indem. Co. v. Bridges*, 350 So. 2d 1379, 1381–1382 (Miss. 1977) (holding that because language seeking to limit liability of insurer was ambiguous and difficult to understand, aggregating of coverages was warranted). The United States District Court for the Southern District of Mississippi has explained:

> Mississippi's law recognizes the general rule that provisions of an insurance contact are construed strongly against the drafter. Consistent with this principle, insuring clauses are construed broadly to effect coverage, and exclusionary clauses that restrict coverage are construed narrowly against the insurer. So, to benefit from an exclusionary provision in an insurance contract, the insurer must show that the exclusion applies and that it is not subject to any other reasonable interpretation that would afford coverage.

*Canal Ins. Co. v. T.L. James & Co., Inc.*, 911 F. Supp. 225, 28 (S.D. Miss. 1995) (citing generally *Nationwide Mut. Ins. Co. v. Garriga*, 636 So. 2d 658 (Miss. 1994)). However, the Mississippi Supreme Court has stated: "[W]hen insurance policy language is clear and unambiguous, this Court will not adopt a strained interpretation in order to create nonexistent coverage that the insurer otherwise has not assumed." *Titan Indem. Co.*, 825 So. 2d at 658. In this case, the Court finds that "the terms of [the subject] policy are clear, plain and explicit," and thus, this Court will not "give a forced construction to the policy." *See id.*

It is undisputed that Mr. and Mrs. Parker are insured under the subject policy and that the policy specifically refers to their 2009 Ford Escape LTD and 1997 GMC Sierra 1500 pickup truck. Pl.'s Compl. [1] ¶ 7, 20; Defs.' Answer [11] ¶ 7; *see* Subject Policy [22-1] at 2.[2] It is further undisputed that the subject policy was issued from April 23, 2011 until October 23, 2011, and that

---

[2] The Court notes that Mr. and Mrs. Parker are the only named insured on the Declarations page. *See* Subject Policy [22-1] at 2.

6

the accident occurred on June 11, 2011; thus, the subject policy was in effect at the time of the accident. Pl.'s Compl. [1] ¶¶ 7, 14; Defs.' Answer [11] ¶ 14; Defs.' Resp. Opp'n to Pl.'s MSJ [27] at 1; *see* Subject Policy [22-1] at 2. It is also undisputed that although Plaintiff agrees under the terms of the subject policy to be liable for bodily injury liability coverage up to $100,000 per person and $300,000 per accident, Plaintiff is not liable for the accident if it did not fall within the terms of the policy. Pl.'s Compl. [1] ¶¶ 8, 20; Defs.' Answer [11] ¶¶ 8, 20; *see* Subject Policy [22-1] at 2, 7–8. Finally, it is undisputed that Melissa Parker is listed as a driver in the subject policy. Pl.'s Compl. [1] ¶ 9; Defs.' Answer [11] ¶ 9; *see* Subject Policy [22-1] at 3.

The subject policy provides in Part A—Liability Coverage, Insuring Agreement: "[Plaintiff] will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident. . . . [Plaintiff] will settle or defend, as [it] consider[s] appropriate, any claim or suit asking for these damages. . . ." Subject Policy [22-1] at 7. "Insured" is broadly defined in this provision to mean: "[y]ou or any 'family member' for the ownership, maintenance[,] or use of any auto . . . ." *Id.* at 8. By the clear terms of the subject policy, Melissa Parker falls within the definition of "insured" in this provision, as she is a family member and owned and used her 2006 Honda Ridgeline truck. However, this liability provision also states: "[Plaintiff has] no duty to defend any suit or settle any claim for 'bodily injury' or 'property damage' not covered under this policy." *Id.* at 7.

Included within the Liability Coverage section is a provision entitled "Exclusions," which provides in pertinent part in Exclusion B.3 that there is no liability coverage for "the ownership, maintenance[,] or use of: 1. Any vehicle other than '[the named insured's] covered auto' which is: a. Owned by any 'family member,' or b. Furnished or available for regular use of a 'family

7

member.' " *Id.* at 9. The Mississippi Supreme Court has repeatedly upheld similar exclusionary provisions for family members as valid and enforceable in Mississippi, *Thompson v. Miss. Farm Bureau Mut. Ins. Co.*, 602 So. 2d 855, 857 (Miss. 1992), explaining that such policies "reveal an obvious purpose to avoid a multiple coverage of several vehicles owned by members of the same family, who, by their close intimacy, may be expected to use the cars of each other without hindrance and with or without permission, thus increasing the liability of the insurer who has a right to expect each owner to contract for his own coverage," *Fleming v. Travelers Ins. Co.*, 39 So. 2d 885, 886–87 (Miss. 1949), and that "[t]here is no valid reason why insurance companies should not have the right, by contract, to avoid coverage for those in the family circle . . . .," *Perry v. So. Farm Bureau Cas. Ins. Co.*, 170 So. 2d 628, 630 (Miss. 1965). *Accord Thompson v. Miss. Farm Bureau Mut. Ins. Co.*, 602 So. 2d 855, 856–58 (Miss. 1992); *Alfa Ins. Corp. v. Hasselle*, 74 So. 3d 371, 375–76 (Miss. Ct. App. 2011).[3] Accordingly, this Court finds that Exclusion B.3 is valid and enforceable in this case.

For the reasons stated below, reading the liability section of the subject policy *in toto*,

---

[3] Other courts have had occasion to interpret exclusionary provisions identically worded to Exclusion B.3 in the case *sub judice*, and with similar or identically worded liability provisions as a whole, and have upheld the exclusionary provisions as clear and unambiguous. *See, e.g., Cincinnati Ins. Co. v. Moen*, 940 F.2d 1069, 1074–1075 (7th Cir. 1991); *Am. Commerce Ins. Co. v. Stewart*, No. 3:10–cv–05240–RBL, 2010 WL 2990938, at *3–5 (W.D. Wash. July 27, 2010); *Scarino v. Standard Fire Ins. Co.*, No. Civ.A.04-5878, 2005 WL 3307081, at *3 (E.D. Pa. Nov. 28, 2005); *Jerge v. Buettner*, 687 N.E.2d 1328, 1328 (N.Y. 1997); *Hastings Mut. Ins. Co. v. Carpentier*, No. 4–12–0281, 2013 WL 164962, at *8–9 (Ill. App. 4 Dist. Jan. 15, 2013); *Selective Ins. Co. of Am. v. Arrowood Indem. Co.*, No. 23400, 2010 WL 580984, at *3 (Ohio App. 2 Dist. Feb. 19, 2010); *Danze v. Katz*, 2009 WL 578644, at *4–6 (N.J. Super. A.D. Mar. 9, 2009); *Motorists Mut. Ins. Co. v. Wroblewski*, 898 N.E.2d 1272, 1276–1277 (Ind. App. 2009); *Wille v. Courtney*, 943 So. 2d 515, 519 (La. App. 5 Cir. 2006); *Snow v. W. Am. Ins. Co.*, 161 S.W.3d 338, 340–41 (Ky. App. 2004); *Armendariz v. Progressive Cnty. Mut. Ins. Co.*, 112 S.W.3d 736, 738–39 (Tex. App.—Houston 14 Dist. 2003); *Griswold v. Integon Gen. Ins. Corp.*, 560 S.E.2d 861, 866 (N.C. App. 2002); *Jefferson v. Scariano*, 949 P.2d 120, 121 (Colo. App. 1997); *Domingue v. Rodrigue*, 686 So. 2d 132, 135–37 (La. App. 1 Cir. 1996); *Scott v. Am. Standard Ins. Co. of Wis.*, 392 N.W.2d 461, 463–64 (Wis. App. 1986). *See also Leteff v. Md. Cas. Co.*, 91 So. 2d 123, 132 (1st Cir. 1956) (quoting *Fleming v. Travelers Ins. Co.*, 39 So. 2d 885, 887 (Miss. 1949)); *Di Orio v. N.J. Mfrs. Ins. Co.*, 398 A.2d 1274 (N.J. 1979) (holding that such exclusions "reflect[ ] a simple though important purpose: to prevent an insured from obtaining coverage for some or all cars regularly used or owned by the insured by merely listing only one automobile in the family policy . . . and thereafter paying a premium calculated by the insurer upon the risk created by the ownership and use of only that one listed car").

Plaintiff has demonstrated that the Exclusions provision applies in the case *sub judice* and Melissa Parker's accident in her 2006 Honda Ridgeline truck does not fall within the subject policy. Thus, Plaintiff has no liability for the accident under the subject policy. As stated above, the applicable "Exclusions" provision states in pertinent part in Exclusion B.3 that there is no liability coverage for "the ownership, maintenance[,] or use of: 1. Any vehicle other than '[the named insured's] covered auto' which is: a. Owned by any 'family member,' or b. Furnished or available for regular use of a 'family member.' " Subject Policy [22-1] at 9. By the terms of the subject policy, "[y]our covered auto" is defined in pertinent part as "[a]ny vehicle shown in the Declarations." *See id.* at 6. The 2006 Honda Ridgeline truck is not shown in the Declarations section of the subject policy; only the 2009 Ford Escape LTD and 1997 GMC Sierra are shown. *See id.* at 2. The 2006 Honda Ridgeline truck was indisputably owned by Melissa Parker and used by her at the time of the accident. *See* Pl.'s Compl. [1] ¶ 15; Defs.' Answer [11] ¶ 15. Therefore, the 2006 Honda Ridgeline truck is not a covered auto under the terms of the subject policy. Further, it is undisputed that Melissa Parker is a family member of the named insured as defined in the subject policy: "a person related by blood . . . who is a resident of [the named insured's] household." *See* Subject Policy [22-1] at 6; Defs.' Counterclaim [11] ¶ 3; Pl.'s Mem. Br. Supp. MSJ [23] at 5. Considering all of these factors together, there is no liability coverage for ownership, maintenance, or use of Melissa Parker's 2006 Honda Ridgeline truck, which is not listed as a covered auto in the subject policy and is owned by Melissa Parker herself, a family member of the named insured, Mr. and Mrs. Parker. *See* Subject Policy [22-1] at 9.

Because the 2006 Honda Ridgeline truck was not a covered auto under the subject policy and was owned by Melissa Parker, a "family member" as that term is defined in the subject policy,

the subject policy expressly excludes liability coverage for Melissa Parker's accident in her 2006 Honda Ridgeline truck. Accordingly, under the provisions of the subject policy, Plaintiff does not have a duty to defend or indemnify Defendants in the state-court wrongful death suit arising from Melissa Parker's accident in her 2006 Honda Ridgeline truck.[4]

## D. Conclusion

For the foregoing reasons, Plaintiff Guideone America Insurance Company's motion for summary judgment [22] is GRANTED. Plaintiff Guideone America Insurance Company has no duty to defend or indemnify Defendants Steve Parker, Lisa Parker, or Melissa Hill Parker against the state-court claims brought by the wrongful death beneficiaries of the Decedent, Eddie Rayburn Collums, Jr., in connection with the accident involving Defendant Melissa Hill Parker's 2006 Honda Ridgeline truck.

A separate final judgment in accordance therewith shall issue this day.

THIS, the 22nd day of May, 2014.

_____
SENIOR JUDGE

---

[4] The Court notes that "the duty to defend is 'broader than the insured's duty to indemnify under its policy of insurance.'" *See Essex Ins. Co. v. Greenville Convalescent Home Inc.*, 236 F. App'x 49, 52 (5th Cir. 2007) (per curiam) (quoting *Cullop v. Sphere Drake Ins. Co.*, 129 F. Supp. 2d 981, 982 (S.D. Miss. 2001) (internal quotation marks and citation omitted)). Thus, because this Court finds that Plaintiff has no duty to defend in the state-court wrongful death suit, there is similarly no duty to indemnify in the suit.